STATE *ex rel.* MITCHELL *v.* HODGES.

Opinion delivered March 24, 1913.

NOTARY PUBLIC—COMMISSION—MANDAMUS.—Mandamus is the appropriate remedy to compel the Secretary of State to issue and attest with the great seal of the State, a commission as notary public after an appointment by the Governor.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Elmer J. Lundy, W. C. Rodgers, Miles & Wade* and *Moore, Smith & Moore,* for appellant.

See *Futrell* v. *Oldham,* 107 Ark. 386, for argument.

*Charles A. Walls, Frank Pace* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

See *Futrell* v. *Oldham* for argument.

McCULLOCH, C. J. The relator, W. S. Mitchell, was appointed notary public by J. M. Futrell, as Acting Governor, but appellee, as Secretary of State, refused to attest the commission with the great seal of the State, acting, as he asserts, upon the advice of the Attorney General, that Mr. Futrell is not entitled to exercise the powers of Governor, but that the same devolve upon W. K. Oldham. This action was instituted in the circuit court of Pulaski County against appellee to compel him, by mandamus, to issue and attest with the great seal of the State the commission as notary public according to the appointment of Mr. Futrell.

The conclusion reached in the case of *Futrell* v. *Oldham,* 107 Ark 386, this day announced, is decisive of the present case, Mr. Futrell being, according to the alle-

gations of the complaint, entitled *de jure* to discharge the duties of the office of Governor, his acts as such must be respected. *State ex rel.* v. *Heller,* 63 N. J. L. 105, 57 L. R. A. 312, 42 Atl. 155.

The remedy by mandamus is appropriate according to the decision of this court in the recent case of *State ex rel. Gray* v. *Hodges,* 107 Ark. 272. The judgment of the circuit court is reversed and the cause is remanded with directions to sustain the demurrer to the answer.